OPINION
{¶ 1} Dennis P. Tuck appeals from the denial of his petition for post-conviction relief by the Greene County Court of Common Pleas. For the following reasons, the trial court's judgment will be affirmed.
 {¶ 2} On March 9, 1995, Tuck pled guilty to two counts of felonious assault in *Page 2 
violation of R.C. 2903.11(A). The charges stemmed from Tuck's attempt to cause physical harm with a metal shank to two deputies at the Greene County Jail on November 22, 1994. The court sentenced Tuck to an indefinite period of five to twenty-five years in prison on each count, to be served concurrently. Tuck appealed, raising only the trial court's failure to credit him for pre-trial confinement. We affirmed the trial court's judgment on March 1, 1996. State v. Tuck (Mar. 1, 1996), Greene App. No. 95-CA-23.
 {¶ 3} On December 28, 2005, Tuck filed a petition for post-conviction relief. He claimed "cruel and unusual punishment by ineffective assistance of counsel through guilty plea acceptance" and that his attorney never provided him with discovery that would have proven that the deputies' mistreatment provoked his conduct. On March 27, 2006, the state moved for summary judgment on Tuck's petition, asserting that his petition was untimely and that he cannot show a constitutional error that would reverse his conviction. On April 13, 2006, Tuck also requested summary judgment.
 {¶ 4} On May 22, 2006, the trial court denied the petition for post-conviction relief, stating that the petition was not timely filed and that Tuck did not satisfy R.C. 2953.23. The court noted that Tuck had indicated at the plea hearing that he had been totally satisfied with his attorney, that he understood the plea and the penalties, and that he had entered his plea voluntarily. The court further noted that Tuck had not made any effort to withdraw his plea based on his mental state.
 {¶ 5} On September 14, 2006, Tuck appealed from the denial of his petition for post-conviction relief. We note that Tuck has since filed a motion to withdraw his guilty *Page 3 
plea. That motion is still pending in the trial court.
 {¶ 6} On appeal, Tuck asserts that his counsel rendered ineffective assistance when he recommended that Tuck plead guilty, that the trial court erred in accepting his guilty plea, and that he is entitled to resentencing under S.B.2. The state responds that Tuck has presented no evidence that his counsel was ineffective or that the court accepted his guilty plea without ensuring that it was voluntary in accordance with Crim.R. 11. The state also asserts that Tuck's petition is untimely.
 {¶ 7} R.C. 2953.21(A)(2) sets forth the time limitation for filing a petition for post-conviction relief. It provides, in pertinent part:
 {¶ 8} "Except as otherwise provided in section 2953.23 of the Revised Code, a petition [for post-conviction relief] shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication * * *. If no appeal is taken, except as otherwise provided in section 2953.23 of the Revised Code, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal."
 {¶ 9} Under RC 2953.23(A)(1), a court "may not entertain a petition filed after the expiration of the period" set forth in R.C.2953.21(A)(2) unless both of the following apply:
 {¶ 10} (a) "Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in [R.C. 2953.21(A)(2)] or to the filing of an earlier petition, the United States Supreme Court recognized a new *Page 4 
federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right"; and
 {¶ 11} (b) "The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted * * *."
 {¶ 12} Because Tuck filed a direct appeal, the time limitation period for post-conviction relief began to run on May 13, 1995, the date on which the transcripts of proceedings were filed in this court in his direct appeal. Tuck's petition for post-conviction relief was filed more than a decade after the filing of those transcripts. Tuck has not demonstrated that he was unavoidably prevented from obtaining facts to support a petition for post-conviction relief. Moreover, S.B.2, which became effective in 1996, does not provide a basis for a timely petition. Because Tuck has not demonstrated that he can satisfy the requirements of R.C. 2953.23(A) and thus bring a timely petition for post-conviction relief, the trial court correctly determined that it lacked jurisdiction to entertain his petition.
 {¶ 13} The judgment of the trial court will be affirmed.
GRADY, J. and GLASSER, J., concur.
(Hon. George M. Glasser retired from the Sixth District Court of Appeals sitting by assignment of the Chief Justice of the Supreme Court of Ohio). *Page 1